UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIM JUNE and TIMOTHY JUNE, h/w ) | |
| ) | Case Number |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | CIVIL COMPLAINT |
| MANN BRACKEN, LLP ) | |
| ) | |
| Defendant. ) | JURY TRIAL DEMANDED |
| ) | |
| ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiffs, Kim June and Timothy June, h/w, by and through their undersigned counsel, Brent F. Vullings, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1. Plaintiffs, Kim June and Timothy June, h/w (hereinafter "Plaintiffs"), individual consumers, bring this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. § 1692 *et sec.*

## II.   JURISDICTION

2.   Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.   Venue in this District is proper in that the Defendant transacts business here and maintains a principal office in this District.

## III.   PARTIES

4.   Plaintiffs, Kim June and Timothy June, h/w ("Plaintiffs") are adult natural persons residing at 5830 Lost Creek Drive, Sumter, SC 29154.

5.   Defendant, Mann Bracken, LLP ("Defendant"), at all times relevant hereto, is and was a Limited Liability Partnership engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of South Carolina with its principal place of business located at 4660 Trindle Road, Suite 300, Camp Hill, PA 17011.

6.   Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.   FACTUAL ALLEGATIONS

7.   On or about June 8, 2009, Plaintiffs' attorney, Persels & Associates, LLC

sent letters to Defendant stating that Plaintiffs had retained their firm for the purpose of negotiating settlement of alleged consumer debts that had been placed with Defendant's office for the purpose of collection.

8. The aforementioned letters directed Defendant to cease all further contact with Plaintiff and to update records to reflect Plaintiffs' attorney as the sole contact with regard to the alleged debts.

9. Plaintiffs' attorney began the process of negotiating settlement of the alleged debts with Defendant.

10. Notwithstanding the above, Defendant's agents continued to contact Plaintiffs directly by both telephone and mail.

11. Plaintiffs informed Defendant's agents that they had retained the aforementioned law firm and attempted to verbally provide Defendant with their attorney's contact information.

12. Defendant's agents have called Plaintiffs every week, sometimes several times per week.

13. On or about August 27, 2009, Defendant's agent called Plaintiff, Timothy June, on his cell phone while he was working. He refused to speak with the agent.

14. Plaintiff received a letter from Defendant dated August 28, 2009 indicating that Plaintiff had agreed to settle one of the alleged debts with Defendant. Appended hereto and marked "**EXHIBIT A**" is a copy of the letter.

15. Plaintiff did not discuss a settlement of the alleged debt with Defendant.

16. On or about August 31, 2009, Defendant's agent placed two (2) calls to Plaintiff, Timothy June, on his cell phone and proceeded to discuss payment of the alleged debt with Plaintiff.

17. Plaintiff received a second letter from Defendant dated September 2, 2009 indicating that Plaintiff had agreed to settle the same alleged debt for a lesser amount. Appended hereto and marked "**EXHIBIT B**" is a copy of the letter.

18. Plaintiff did not agree to settle the alleged debt with Defendant. During the August 31, 2009 calls, Plaintiff had repeatedly informed Defendant's agent that he had retained an attorney for the purpose of debt settlement and requested that Defendant contact the attorney.

19. Defendant's agents continue to call Plaintiffs despite the knowledge that they are represented by an attorney with regard to the alleged debts.

20. Defendant has continued to call Plaintiffs as follows:  8/31/09, 9/1/09, 9/2/09, 9/5/09, 9/6/09, 9/16/09, 10/8/09, 10/11/09, 10/12/09, 10/14/09, 10/28/09 and 10/29/09.

21. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiffs in connection with the collection of a debt.

22. The Defendants acted in a false, deceptive, misleading and unfair manner when they, without permission from the Plaintiffs' attorney, communicated with Plaintiffs and made such communications on multiple occasions.

23.     The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

24.     At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

25.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

26.     As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiffs' reputation, invasion of privacy, damage to Plaintiffs' credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

### **COUNT ONE – FDCPA.**

27.     The above paragraphs are hereby incorporated herein by reference.

28.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiffs for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

29.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of §§ 1692:

    a.    b(6)   contacting the Plaintiff after knowing that they were represented by an attorney;

    b.    c(a)2   communicating with Plaintiffs after knowing that they were represented by an attorney and after receiving written and verbal communication from Plaintiffs' attorney;

    c.    d   conducting itself in a manner so as to harass, oppress or abuse the Plaintiffs;

    d.    d(5)   causing the Plaintiffs' phone to ring and repeatedly engaging the Plaintiffs in conversation;

    e.    e   using false, deceptive or misleading representation in connection with the collection of the alleged debt;

    f.    e(10)   using any false or deceptive means to collect the alleged debt;

    g.    f   using unfair or unsconscionable means to attempt to collect the alleged debt and;

    h.    f(1)   attempting to collect any amount not permitted by the law.

**WHEREFORE**, Plaintiffs respectfully request that this court enter judgment in their favor and against Defendant, Mann Bracken, LLP and Order the following relief:

    a.    Declaratory judgment that the Defendant's conduct violated the FDCPA;

    b.    Actual damages;

    c.    Statutory damages pursuant to 15 U.S.C. §1692k;

  d. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k;

and

  e. Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.

          **Respectfully submitted,**

          **WARREN & VULLINGS, LLP**

**Date: October 30, 2009**    **BY: /s/ Brent F. Vullings**
          Brent F. Vullings, Esquire
          Warren & Vullings, LLP
          1603 Rhawn Street
          Philadelphia, PA  19111
          215-745-9800  Fax 215-745-7880
          Attorney for Plaintiff