# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KIM JUNE and TIMOTHY JUNE**, | : CIVIL ACTION NO. 1:09-CV-2137 |
| **Plaintiffs** | : (Judge Conner) |
| v. | : |
| **MANN BRACKEN, LLP**, | : |
| **Defendant** | : |

## ORDER

AND NOW, this 11th day of May, 2010, upon consideration of the order of court (Doc. 16) dated April 22, 2010, and the order of court (Doc. 15) dated April 7, 2010, both of which required plaintiffs Kim June and Timothy June (collectively, "plaintiffs") to make a filing on or before April 29, 2010, indicating whether they wish the court to enter default in their favor or whether they intend to abandon this matter, and it appearing that as of the date of this order, plaintiffs have not complied with either court order, and it further appearing that defendant Mann Bracken, LLP ("Mann Bracken") was ordered to show cause why default should not be entered on or before March 5, 2010, (see Doc. 14), and that Mann Bracken failed to comply with the court's order, and concluding that both parties are equally responsible for the failure to prosecute the above-captioned matter, that neither party has been particularly prejudiced by the failure to prosecute, that the parties have offered no justification for their inattentiveness to the court's order, that in light of the parties' demonstrated intent to abandon this matter, no sanctions other than dismissal would be effective, and that plaintiffs' claims are potentially

meritorious, but that Mann Bracken is financially insolvent, see Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (setting forth six factors which must be analyzed before a matter is dismissed for failure to prosecute), it is hereby ORDERED that:

1. The above-captioned matter is DISMISSED for failure to prosecute. See FED. R. CIV. P. 41(b); see also Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (permitting courts to dismiss an action *sua sponte* if a litigant fails to prosecute his or her case or comply with a court order).

2. The Clerk of Court is instructed to CLOSE this case.

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge